SHAHOOD, Judge.
C.H. petitioned for a writ of habeas corpus with regard to a detention order of the juve *303 nile court. We find the trial court exceeded its statutory authority. Having previously granted the petition by written order, we issue the following opinion.
The trial court placed petitioner into home detention care with electronic monitoring. Petitioner is awaiting a “moderate risk placement.”
On his first trip before the court for violating the terms of his present detention, C.H. admitted that he violated his electronic monitoring agreement “for the second time since his disposition.” The trial court ordered C.H. into secure detention for ten days.
Section 89.044(10)(a)2 Florida Statutes (Supp.1997), provides that the court must place all children who are adjudicated and awaiting placement in a residential commitment program in detention care. Children who are in home detention care or nonsecure detention care may be placed on electronic monitoring. Subsection 2(b) provides that a child placed in home detention care or nonse-cure detention care with electronic monitoring may be held in secure detention for five days, if the child violates the conditions of the home detention care, or the electronic monitoring agreement. The statute provides further that “For any subsequent violation, the court may impose an additional 5 days in secure detention care.” § 399.044(10)(b), Fla. Stat. (Supp.1997).
We agree with petitioner that the statutory scheme contemplates that upon a violation the child can be placed in secure detention for five days. Thereafter, the child could again be placed in home detention with electronic monitoring. If the child violates once again, the court could then place the child into detention for another five day period.
We accordingly, grant the petition and quash the order to the extent that it requires petitioner to remain in secure detention for five additional days.
GUNTHER, C.J., and DELL, J., concur.